Good morning, Your Honors. May it please the Court, I'm Cynthia Everson. My client is Southeastern Public Safety Group, doing business as Southeastern Company Police. My client is a company police agency, a site there similar completely in entirety to municipal or county police agencies, as in the state of North Carolina, with the caveat that their jurisdiction is determined other than by regional territory, but by the property boundaries of their contracts. Under Chapter 74E in North Carolina's general statutes, only a corporation, a hospital, or I believe a college may enter into contracts to provide contract law enforcement services. My client is a corporation. My client entered into multiple contracts for law enforcement services. The one at issue in this case being for what was called the 77 toll lane project on I-77 in Iredell and Mecklenburg Counties, North Carolina. At that time, the defendants, Randy Munn, Richard Squires, Kristi Thackson, the North Carolina Department of Justice, and the North Carolina Department of Transportation, determined that they could not perform that contract. Essentially, they invalidated that contract, caused my client to lose substantial amount of revenue. The district court, we filed, the court's order talks about the various stages of litigation. This actually started back in 2016. 2017 was when the initial administrative proceeding or investigation at least began. There was some ancillary state litigation that was pending at the time. The defendants make multiple references to that litigation in their briefs and memos below the lower court, as well as in their response before this court. In fact, as a supplementary authority to this court, provided the superior court judge's decision, which was just entered earlier this year, that essentially agrees with my client and states that my client's rights were violated. That my client's due process rights were violated. Is that now on appeal? It is. It hasn't been stayed though. But yes, that decision is on appeal. Wait, you mean it hasn't been stayed? What do you mean by that? Well, I just mean that the party in that case, which is just Randy Munn, it's not Richard Squires, Kristi Thackson, but no one has filed a motion to stay that court's order at this point. Has anybody sought sort of abstention here to wait on that? Well, I did. I filed it, sort of. I filed a Rule 59 motion on a prior order by a prior superior court judge vacating the administrative law judge's order. At the time I filed a Rule 59 motion, the defendants in this case opposed that motion. I asked for it to be stayed pending the state litigation. Again, they opposed that. And so here we are. So to answer your question, yes, but not before this court. And they're related, but they're somewhat separate to the extent that, again, there's multiple more parties in this case. And then in that case, it's specifically limited to whether or not there was an administrative action taken against my client. Also, I think it's important in that case, because it's relevant in this case as well, in that that wasn't just a decision on the administrative action, but there was actually a declaratory judgment entered in that case that essentially says that 74E says what my client said it says. It says that it doesn't prohibit what they were doing, that they're allowed to perform the work that they were doing, and that the company police administrator must consult, must interpret the law appropriately, but also consult the federal regulations in doing so. It's a unique situation here in that we have a state statute that deals with contract law enforcement services or company police agencies. But also, we had a federal Department of Transportation contract, sort of, because the North Carolina Department of Transportation was using federal funds for this tolling project. And so there's an interplay. There's an interplay between the federal law and the state law as far as how those funds are to be used. One thing that's relevant in this case that's somewhat— We don't, just to make sure, for this appeal, all of this is sort of background. We don't have to decide what 74E means at all. Correct. That that will be a question, if you get a remand, the district court would be called to decide, and the district court would decide whether Pullman abstention or otherwise was appropriate. Correct. What the district court decided in this case is, again, something that we tried to argue in our 59 motion as far as it being a clear error of law, in that the district court decided, essentially, that plaintiffs sued the defendants only in their official capacities. And so the district court talks about, in making that decision, about how that it was—essentially whether or not the actions that they took were part of their roles in their official capacities. There is some dispute on our side, and the court talks about it a little bit, but primarily with respect to Christy Thax and not so much Richard Squires and Randy Munn, essentially saying we just allege that they're public employees. We don't provide evidence that they're public employees. And so the court assumed that they were public officials. And, again, we haven't really litigated that issue, and we would somewhat disagree with that, except with respect to Randy Munn. His position is created by statute. He is the company police administrator, so we do concede that he is a public official. However, the complaint alleges—and this was a case that was decided on 12b-1 and, to some extent, 12b-6 also, so we haven't had discovery. The pleadings must be accepted as true. And we pled individual capacity and official capacity claims, and that was the primary basis for the district court's dismissal, was the district court decided that we had not pled individual capacity claims and that sovereign immunity defeated the official capacity claims. On appeal, it seems that defendants agree that we did actually plead individual capacity claims. And so on that reason alone, it would be my client's position that the case should be remanded back to the district court to fully consider other defenses, other aspects of the claim, rather than official versus individual capacity claims only. We actually—and I know— Can I ask one follow-up to that? Assume for a minute that I agreed with you on that. What else are you asking for? And put aside alternative grounds for affirmance for a minute. Are you also asking to reinstate some of the Ex parte Young claims? So it seemed like you were asking to reinstate the Ex parte Young claim against Munn, but I'm trying to figure out what you've asked us to do with respect to the Ex parte Young claims. Well, we would ask that all of the claims be reinstated with respect to Munn specifically. I know—and, again, the district court doesn't really talk about it. But as far as—and we didn't appeal the private actors. We didn't appeal the claims against them. So we're not asking about anything with respect to them. But as far as the Ex parte Young claims on Thaxton and Squires, we would ask that those be remanded. So, I mean, the order— Right, but so help me understand. Why on Thaxton and Squires? Why do you think they're, like, sufficiently related to the enforcement that an Ex parte Young claim could be brought against them? I get you for Munn, right? So, like, except Munn is the enforcer of 74E. But help me understand why I don't think about Thaxton or Squires as being the type of person against whom an Ex parte Young claim could run. Well, at this stage, I would contend that it's sufficiently pled in and of itself, at least to allow discovery to go forward to determine what exactly their role is. It's somewhat unclear what Squire's role—what Richard Squire's role was. But we know Thaxton doesn't have anything to do with 74E, right? But she did interpret it. She didn't have enforcement authority. That's the Ex parte Young question, right? Does she have enforcement authority over 74E? Under the statute, no. But neither does Mr. Squires under the statute. Yet he was Mr. Munn's direct supervisor, and so they communicated about how to interpret the statute. That is a human resources decision that the Department of Justice has made as to how their dynamic is set up. But under the statute, the attorney general can delegate the administration of the Company Police Act to an individual, which they did. They delegated it to Randy Munn. However, for whatever reason, Randy Munn seeks to—looks to Richard Squires for approval on his decisions. Richard Squires is an appointee of the commission. The commission is comprised of direct competitors of plaintiffs, and we've alleged that. We've alleged that they have, you know, these—I'm going to say it wrong, but the ultra-virus interests that they are seeking to exclude plaintiffs from the market because they're market participants. And that's what I talk about. I know it's confusing. I'm sure it's confusing to others because it's confusing to me, and I've been in this case for many years. But essentially, my client was excluded to the benefit or advantage of municipal and county law enforcement officers who are not authorized by statute to perform contract law enforcement services, and yet that's the practice that has been in the state of North Carolina for years and ongoing. The only statute, the only law that regulates contract law enforcement services is 74E. And that says that even corporations, which most municipalities are incorporated now, but even they would have to be commissioned as company police agencies to offer contract law enforcement services. And so that's essentially where Richard Squires comes in because he is an appointee of the commission. He is over, to some extent, the standards and training division, which does the standards and training for all law enforcement in the state of North Carolina. So he's— Does that include your employees? Do they have to be trained and certified by the same standard and training division? Absolutely. Absolutely. And the company police officers under 74E have to be employed by company police agencies. They can't be a company police officer who's on a contract for a private entity but is employed by a public police agency. Under the statute, only the agency can enter into the contract to provide those law enforcement services. But again, that's not a—whether that's right or wrong sort of doesn't matter for this appeal. I understand that that's the central issue for your case, but does that—do we have to decide? Those seem like hard questions to me, right? They're state law questions that we try to avoid if we can. Is there a reason we have to decide whether you're right about that? No, but to some extent, the district court in his order assumes it to be true. And so I think, you know, at this stage, the only assumptions as to truth should be made in my client's favor, not in the defense favor. And so the interpretation of the statute, whether or not they are public employees or public officials, you know, whether or not they acted outside their authority, and we—and the court talks about that to some extent in the order, but we haven't just allegedly acted outside the scope of the authority. We made specific factual allegations. We said that they had—we pled that they had no right to interpret contracts. We pled that, as far as the sharing of a contract across agencies, was outside the scope of their authority. As far as talking about it with third parties was outside the scope of their authority. We've alleged many facts that were outside the scope of everyone's authority. Christy's accident was actually supposed to be the liaison for my client and assisting my client because my client was a disadvantaged business enterprise, in fact, was the only disadvantaged business enterprise in the state of North Carolina that was authorized both by the Federal Department of Transportation and the State Department of Transportation to provide law enforcement services on DOT work zones. And so we've alleged specific facts related to that by all of these parties. We've alleged that Ms. Thackson actually removed his DBE designation, which prevented him from bidding on those contracts. We've alleged many facts that they acted outside the scope of their authority to remove them from any type of immunity, whether we're talking about sovereign immunity or qualified immunity or at the state level, the governmental immunity. So we would ask that the court vacate the decision in its entirety and remand it back to the district court. And frankly, we do, I know one of your honors asked about it as far as the state. We asked for a stay. That was before we even knew that this decision that we have now was going to come down. It was while it was still pending. We asked for a stay then. We're not opposed to a stay. It's kind of weird litigating essentially the same issue in two forums, but that's the position that the defendants have put us in by not agreeing to the stay in the court, not giving us the stay. So we would ask that it be vacated in its entirety. And when you say in its entirety, and then I'll stop, the piece of that on the official capacity dismissal, so assume I understand you on the individual capacity dismissal, but the official capacity dismissal depends upon us finding there's some sort of waiver of sovereign immunity, and you give us a couple of theories on which, but that would be the grounds on which you would contend we ought to vacate the official capacity dismissals? Correct, because the court in its order talks, we talk about abrogation, and we talk about the disadvantaged business enterprise program, and the court, somewhat confusing to me at least, determined that that wasn't an anti-discrimination statute when the whole purpose of the statute is to reverse decades of discrimination in minority-owned businesses in obtaining these contracts. And so to say that that's not an anti-discrimination statute on a 12B6 motion, again, is somewhat premature, I would contend. But yes, that would be the basis on which I would ask that the official capacity claims be remanded as well. All right. Thank you, Ms. Everson. Mr. Doggett? May it please the court. My name is Jim Doggett. I'm an attorney at the North Carolina Department of Justice, and I represent the defendants in this appeal. Your Honors, the primary dispute between the parties in this appeal is a dispute about the meaning of state law with respect to the jurisdiction of private police forces in North Carolina under state law. But my colleague on the other side has tried to turn a dispute about state law into a federal lawsuit. But just having disagreement with the state about state law doesn't provide valid grounds for a federal lawsuit. As a result, there are a number of deficiencies in Southeastern's complaint that warrants its dismissal. First, the claims that have been pleaded against defendants in their official capacities fail because defendants are protected in federal court by North Carolina's sovereign immunity. And second, the claims that have been pleaded against them in their individual capacities fail for a variety of straightforward reasons based on application of straightforward, settled law. But you agree they don't fail for the reasons the district court gave? With respect to the individual capacity claims. Correct. No, no. With respect to the individual capacity, you, as you should, you work for the Department of Justice, right? You're effectively confessing error on that piece and asking that we address alternative grounds for affirming the decision. Correct. We made essentially the same arguments that we're now making for affirmance below before the district court, but those grounds weren't ruled upon because the court ruled on an alternative basis on the basis of Martin v. Wood, which we discovered when we were preparing for this appeal, that that argument just wasn't viable, so we didn't want to make it before this court. And can you, before you turn, I know you want to talk about those alternative grounds, but can you address the ex parte Young piece of this, particularly with respect to Mr. Mund, and maybe start with him, but also a little bit Squires? If Mund is subject to an ex parte suit, given his enforcement authority delegated from the Attorney General, first answer that question, but then maybe graft on a little bit whether Squires doesn't fall in, given his at least alleged supervisory role? Well, first, I think there are three threshold issues that make finding a waiver of sovereignty, or not a waiver of sovereignty, but the nonexistence of sovereignty through ex parte Young inapplicable here, and I'd like to address them. So first is that this argument has been abandoned. It wasn't raised in the opening brief, and so the reason no one's talked about it is because it wasn't raised in the opening brief, so it's abandoned. Second reason is if you actually look at the injunction they're requesting, that's at JA 108 within their complaint, it's rare you see this in federal court. They're asking for an injunction that requires the state to comply with their interpretation of state law, and that's black letter law in federal courts. Federal courts can't issue injunctions like that. We're having a litigation in state court. That's something that can be resolved there, but a federal court can't do that, and the third reason is the request for injunctive relief is moot. The I-77 Hot Lanes project has been completed now since the end of 2020, so in the application of the Company Police Act to a project like that depends on interrelation of reading the contract together with Company Police Act, and so it really is any basis for injunctive relief, and, again, the biggest problem is that the argument's been abandoned in the first place, and that's why no one's talked about it up to now. The district court didn't address prospective? You wouldn't have sovereign immunity for prospective relief requested, and that wasn't even addressed, was it, by the district court? No, no, no. Well, how would we do that? That has to be addressed, doesn't it? Wouldn't at least be remanded for that? Well, I think it would first have to be raised in an opening brief, because otherwise the argument would be abandoned. The predicate to getting repellant relief is making the argument in your opening brief, and that hasn't even been done here. But then also just, I mean, remanding for consideration of an injunction that's plainly barred under Pennhurst just doesn't – I can't imagine what the purpose of that would be. Well, there have been – this disadvantaged company, they've been banned completely, any project, right, going forward. Well, I think it depends on – it would depend on specific contract. If DOT entered into a contract that granted its prime contractor sufficient control over a roadway, that would be a different story, and that would be a case for another day. They don't wait for another day. It was three years when they said it was okay to be on there, and Mr. Mundt told them that they couldn't, right? Well, that's – this court decision that I believe is referenced was decided only several months ago. But our position has always been that they lack authority for this specific project. But this specific project is over. Again, this – That's why it's prospective relief in terms of what they do, in terms of their livelihood as a company. Right, but – Wouldn't it be important if they wanted to say that you can't do this? Right, but granting a prospective injunction regarding the application of the company's police – Prospective relief. There could be a lot of this. Injunction is just one of those things. That wasn't even looked at at all. Well, I think it would necessarily have to be an injunction that would fall under Pennhurst. Projective relief would somehow bind the state in this context. But the contours of that relief, prospectively, it's more nuanced than just that. There's a lot of things involved, which has not been considered at all by the district court. So you want us, in the first instance, that we do that? Well, I think it would be very unusual for this court to reverse a district court's decision based on an argument that was abandoned because it wasn't raised in an opening brief and that would be inconsistent with Pennhurst. We're not in the mood to decide whether or not we can alternatively find a way to do it. That was not even considered by the district court at all. As a matter of fact, rule contrary to that is no more. Well, I would just reassert again, Your Honor, that to challenge – What did you say? I would just reassert again, Your Honor, that to raise an argument in a federal appellate court, it first has to be raised in the opening brief at least. And so we didn't have a chance to brief this issue. And rebanding would just totally respectfully would not make sense to me here given that this project has now been completed for three years and since federal courts just simply lack authority to issue injunctions requiring the state, which is what this would be, to comply with state law. And as to the other sovereign immunity issues, I mean, I haven't really heard any argument today about why the state's immunity has somehow been abrogated or has been somehow waived by the state. In the reply brief, the principal argument they seem to make is that sovereign immunity and its waiver is an issue of fact that can't be resolved on a motion to dismiss. That's just not correct. The Supreme Court and this Court have resolved sovereign immunity of the state in the context of a motion to dismiss all the time, and that's the whole purpose of sovereign immunity, that it breaks a barrier, a threshold barrier that has to be surmounted before you can proceed further in a lawsuit. So we certainly believe that the district court should be affirmed on individual capacity claims, but also we don't believe there's been any sort of argument that there's been a waiver or that sovereign immunity has been abrogated by Congress or anything like that, and we also think the ex parte arguments fail. But I would like to address the individual capacity claims as well too. Before you do that, so your colleague suggested, and I take your point about the reply brief, but your colleague suggested, at least by virtue of raising it, that her preferred argument on the official capacity claims was that these were discrimination laws. Can you respond to that one? Well, yeah. I mean, their principal argument seems to be that the federal regulations that are, as counsel has acknowledged, are implementations of Title VI, somehow standing by themselves waive or abrogate the state's sovereign immunity, and that's just impossible. The executive branch can't abrogate North Carolina's sovereign immunity or condition the spending of federal funds such that we waive it. And, I mean, it's not even clear, first of all, that under Title VI, that a regulation, there is no private cause of action to enforce Title VI in this context because in Alexander v. Sandoval, the Supreme Court said you can only have a private right of action to enforce Title VI if you're dealing with intentional discrimination, which certainly isn't what the DBE program is. So, I mean, the arguments, I don't want to go through them all because they're so, I mean, they make so little sense. Why would you say it's not intentional discrimination? Well, the DBE program is basically, it sets a goal, a 10% goal nationwide, to try to have disadvantaged contractors working on federal highway projects. And so it's not, I mean, it's basically just a set-aside program for that. It's not something, there's been no finance, as far as I'm aware, of intentional discrimination that could justify it. But I also would like to move on to the individual capacity claims. And, you know, in the reply brief, their principal argument was that the court can't even reach these issues because the district court didn't rule on them below. And that is absolutely correct. The district court did not address them below, but it's entirely within this court's power to rule on those claims. And I would respectfully submit that it's appropriate to do so here, just as a matter of judicial economy, because the claims here are so weak that essentially what would likely happen if there were a ban would be that we would move to dismiss again. Is that true if I assume that the court and not the administrative agency got the interpretation of the law right? Just take that as an assumption for a minute. I don't actually have a view on it one way or the other. But so that her view of what state law requires, assume the Commonwealth of Virginia, the Supreme Court said that that was right. Would you still say their claims are that weak? Yeah, because really I think what they're trying to do is fit a square peg into a round hole. It just doesn't make sense. Not every violation of state law, and we totally disagree that there's any violation of state law here, but not every violation of state law establishes a federal claim. And so let's talk about the claims one after another. So first, equal protection. Before you do that, can you tell me why it sounded like she suggested that maybe there was a motion to stay or an abstention kind of idea? If the case went back, would it be a case that is appropriate for abstention, given that the question of state law that we don't want to decide is currently being litigated before the North Carolina courts? I think it might be if the resolution of the issue of state law was necessary to resolve this case, but it really isn't because we have independent arguments separate and apart from the state law arguments about why this complaint is faulty. And that makes sense because we don't normally see whenever there's a dispute in state court with the state about the meaning of state law that there's a parallel federal lawsuit that's filed alongside and that hangs out while the state law issue is being litigated. It's just not normally how federal litigation works. And so first here with respect to the equal protection claim, I mean, I think they've basically alleged and they've admitted and they've framed their claim like this below in the motion to dismiss briefing that they're basically bringing a class of one claim under equal protection. And so in that context, they need to allege that they've been differently treated than someone who's similarly situated from them. The complaint doesn't have any sort of allegation like that. There's no allegation that North Carolina is allowing other company police agencies to patrol the interstates of North Carolina from Manteo to Murphy. It just doesn't exist. This is the first time this ever happened. So that necessarily defeats the equal protection claim. With respect to the due process claim, I mean, there we can see... Why isn't the differential treatment from the municipal law enforcement officers that are doing it? Because the state's allowing them to effectively operate as individual police organizations when they are subcontracting out on their own? Well, to the extent that's what the argument is, at that point, the uncertainty in state law benefits us because that means we have qualified immunity. No one's pointed at any clearly established precedent in North Carolina that says that what they want to do is okay. But if that is built in with their federal claim somehow, then we have qualified immunity because there's no way that the people who were working on this matter when it started in 2017, six years ago, could have possibly known what state law required in this context because there isn't any precedent in this context. Do you get the favor of qualified immunity when you deliberately not tell the truth about some matter that relates to what you've been informed about? Don't they allege that Mr. Munn knew something different in this case and didn't say what it was in terms of what he knew? Well, I've got three responses to that. Let's start with the answer to my question. Didn't they allege that that's the case? He didn't reveal what he knew? I think a close reading of the complaint suggests not because they incorporated into their complaint the actual email that supports this basis of their argument that Mr. Munn supposedly knowingly, wrongly applied state law, and it's at page 122 of the JA. In that context, an attorney in that email basically expresses uncertainty about what the law provides. Didn't they come back and later make that clear, what the view was, the lawyers, or the state? In this context where there's an email supporting the allegation made in the complaint that refutes the allegation or at least puts it in a different light, I think that's the proper reading of the complaint. Again, this all goes back to knowledge about state law and what state law means. In this context, if we're talking about the Equal Protection Claim or the Due Process Claim, we're talking about qualified immunity. Qualified immunity is an objective standard. We don't peer into the minds of state officials to assess what their beliefs about the law was. It's an objective test. Under that objective test here, it's something that doesn't even come into play. Also, like I said, it's separate and apart from that. The Equal Protection Claim fails for independent and separate basics for that. But the Due Process Claim fails as well. I think it's an objective test. Imagine the scenario where instead of the email we've got, we had an email where Mr. Munn said, I'm going to totally get these guys. I'm going to lie, cheat, and steal, all the things that are not true here, I acknowledge. But he said all those things. I'm going to tell them that they're prohibited, even though I know that 74E permits this. If he had that subjective knowledge, would it matter that it's objectively hard to know what the state law meant? Can we look back at it and be like, really good lawyers like yourself can make this a hard question and so his subjective knowledge isn't sufficient? Well, I think it would depend on the claim. It depends on whether or not it's actually relevant to the claim. Yeah, but on this question that we've got, the question is, did he mislead what he knew to be the case? 74E permitted this to happen. And your argument is, well, it's subjective and it's really hard to know what the law means. And my question is, if we had evidence that he subjectively knew that 74E permitted this to take place, wouldn't that satisfy the objective test? Well, again, I think you have to go back. I think qualified immunity is meant to be objective precisely to avoid difficult questions like these. I mean, that's what the Supreme Court said. That's just the purpose of it. But I also think it depends on the claim-by-claim analysis because, you know, that allegation of knowledge, which is just an allegation that we totally disagree with, and actually the state court proceedings have shown it's absolutely false. You know, on an equal protection claim, it's, you know, in this situation where you happen to have been differently treated than someone from someone else who's similarly situated, the claim fails, regardless of whether or not you make an allegation that another context might be relevant towards other claims. And I think, you know, they've also raised a due process claim. That claim fails because, as we've seen in the ongoing state administrative proceedings, clearly they've received all the process that they're due. They've been able to seek meaningful judicial review of the decision that was made at this point six years ago. And that proceeding is ongoing. So it would be shocking to say that there's somehow a due process violation here because of that. We can't say six years to decide this question isn't a due process violation? Well, I think that's partially because they filed repeatedly in the wrong forum. They filed a claim in the State Industrial Commission, which was tort claims. Then they filed a lawsuit in the Superior Court without exhausting their administrative remedies. And then we've had, you know, the proceedings have gone on for some time in the proper tribunal for some time. I don't think that establishes a due process violation by any means. And as for the state law claims, again, these claims fail for really straightforward reasons, really black-letter North Carolina law reasons. First, they've raised claims from the state constitution, but they can't assert those claims in federal court against North Carolina. And it's impossible to bring individual capacity claims under the North Carolina Constitution. That's been settled on North Carolina since 1992. They also bring a statutory claim about unfair and deceptive trade practices, but it's been settled law in North Carolina that you can't bring claims like that against state employees. I thought there was an exception to that for if the employee takes a fraudulent action that's inconsistent with their duties. That's left-witch versus gains. There's a little caveat there, and there is an allegation of fraud here. I'm not aware of that case. You might be thinking of public official immunity. No, I think I'm thinking of the – anyway, I just flag it for you that it complicates that a little bit. Well, duly noted. But I'd also note that, you know, to the extent that's the case, though, MUN and SQUIRES have immunity under the Company Police Act, which is a pretty – as broadly written immunity as you can get, which would immunize them against that claim. And then there's no allegation of that respect made against Ms. Thackston either. And then finally, with respect to Ms. Thackston, there's really – the complaint is really fed there with respect to her because she has nothing to do with enforcing the Company Police Act. So there just aren't any plausible allegations that she really did anything to either fraudulently induce nonperformance of a contract or engage in a conspiracy. With respect to conspiracy, the complaint alleges the opposite. It alleges she didn't know what was going on. So, again, this is – you know, this case is remarkable in many respects, mainly because of its unusual procedural posture and the fact that this is the first time in North Carolina history that a company police agency has tried to patrol – that private police officers have tried to patrol a public interstate in North Carolina. That stuff is remarkable. When it comes to the resolution of this claim on the law, it's really a pretty routine, mundane case that can be resolved fairly easily. And we would respectfully request that this Court affirm the District Court's decision discussing this case. Thank you very much. Ms. Everson? Thank you. Just in response, very, very briefly. It has to be a violation of due process for a litigant to withhold material information during the pendency of litigation after discovery has been complete, after that litigant has testified, after that litigant has swore under oath in depositions and in hearing that no additional evidence existed. And then after a public records response, lo and behold, an email comes out that is directly opposite to what that litigant testified to.  This is admittedly a public official, a representative of the state, who is behaving in a manner that's inconsistent with the basic principles of due process, fairness in a trial. So to say that there aren't factual allegations of a due process violation is somewhat disingenuous because that in and of itself is violent of due process. With respect to equal protection, and it has been briefed as far as the abrogation. I talked about it a little bit. I don't want to belabor the point. But the statute in which Congress sets up the Disadvantaged Business Enterprise Program specifically states that all program participants, in this case it would be the North Carolina Department of Transportation, must implement appropriate mechanisms to ensure compliance. And it specifically says applying legal and contract remedies available under federal, state, and local law. So certainly Congress intended for there to be remedies to parties who were Sorry, just to clarify. Sorry. That's a regulation, right, not a statute. I'm sorry. Correct. It's not Congress. I'm sorry. You're correct. It's in the CFR. And there is scant litigation, I'm sorry, scant precedent when it deals with this program. But there have been cases in other circuits that have found equal protection violations, usually in an opposite scenario in which a majority-owned business was given or was denied a contract in favor of a minority-owned business. And they're arguing that that is violative of equal protection. But again, they're arguing equal protection. And so to say that this isn't an anti-discrimination statute isn't a matter of first impression in front of this court. But I certainly think to dismiss it on a 12e6 motion is somewhat premature because it's not a developed record. And so the argument itself is somewhat undeveloped as well. Can you respond on the ex parte, Young? Your colleague says you abandoned it. You can't get the injunction you seek under Pennhurst principles. And regardless, I-77 is done. So the injunctive relief you seek is moot. In the complaint, we mentioned other contracts. So, yes, the primary contract was the I-77 toll lane project. But it had to be sufficiently concrete to be an injury for which you have standing for, right? So the fact that you might apply for another contract at some point in the future without specific allegations don't create a concrete interest that allows higher resolution of the claim, right? Sure. But certainly I think when you were told, well, there were specific roads. So I think there was a project on I-45 that my client wasn't able to bid for because they had been told by the company police administrator that it could not perform contracts that involved roads. And so there was that contract that was identified. I believe that was Blythe Construction that's identified in the complaint. So essentially since 2017, my client has been impeded by Randy Munn's interpretation of 7040 from bidding on these contracts. And just to clarify, there is absolutely no difference in authority, no difference in training, no difference in yearly requirements, no difference in certification, no difference in oath from company police officers and municipal or county police officers at all. So they're not so different as the defendants want the lower court and this court to believe. As a matter of fact, that's the whole idea. The state of North Carolina set forth a regime for their qualification, did it not? Correct. They have the same standards. They take the same oath to uphold the laws of the state of North Carolina and the Constitution that any other law enforcement officer does. And in fact, company police officers are the only police officers authorized by any statute at all, anywhere in the state of North Carolina to perform contract law enforcement services. And so that's part of where the equal protection claim comes in because here we have a state agency and employees within that agency who are circumventing the law against those who are following it in favor of those who are not. Can I just follow up on that abandonment question? Because I did think it was odd when I read your opening brief. You flagged that prospective relief is an exception to sovereign immunity. You listed the three, you know, a few different exceptions to sovereign immunity, but then you didn't make an argument on the prospective relief, but you did make an argument on the other exceptions to sovereign immunity. So it seems like it wasn't in the opening brief, but what's your response to the abandonment argument? I believe my response would be this. It would be that the case was dismissed for the individual, essentially for the individual versus official capacity. The district court talked about Ex parte Young. He talked about it just, I think, as to Thaxton, right? He explained why she's not someone who enforces this law, so it's exclusively the attorney general. And then later he said that applies to Munn and everyone else, too, without kind of more thorough reasoning. And so to answer your question, assuming I was probably just arguing the strongest or at least the most relevant to the dismissal claims, and so I mentioned it just for the sake of mentioning it. I know I did talk about in the reply brief how this court shouldn't find abandonment because there were some things that weren't addressed by the lower court that were brought up by the defendants in their response brief. And so certainly I think to consider abandonment of issues that even the district court didn't address would be somewhat disadvantageous to my client and my client only. But to answer that question, I think from a professional opinion, the abrogation argument is probably the strongest. The waiver argument is probably the strongest from a pleading stage because those were expressly pled. And so that's probably why I devoted more attention to them in the opening brief and not so much to the Ex parte Young issue. With respect to Thaxton, the plaintiff will concede that she probably has the minimal involvement in this case. The thing that she did, and it is pled as a fact, not as a conclusion, is that she removed his DBE designation after meeting in secret with Mr. Munn and Mr. Squires about my client's contract. I was confused about that because the complaint alleges that your client was and is at all times a DBE. At all relevant times to the actions that were complained of in the complaint. So after he was told he couldn't perform this work, that was when the DBE was removed. The DBE has been reinstated, but during the time that he was performing the work, he was a DBE. I don't want to take you too far over, but did you have a response to Judge Richardson's Pennhurst question? I don't know that I remember what the question was. Sorry, about a federal court. A federal court can't instruct a state to comply with state law. I understand that entirely, which is part of why I requested a state. And I think that there are federal issues, and one of the things that I did want to mention, and I know I'm over and I apologize, is just that the state court refused to consider federal law, and this was a federally funded highway project. The contract itself, which was part of the record, requires that the participants apply the appropriate federal law, and so the state court refused to even look at or read the administrative court, refused to look at or even read the federal law that was directly bearing on the contract in which the parties thereto agreed to be bound by. So I think a federal court is appropriate to hear the federal questions pertaining to some of those actions that were taken.  Thank you, counsel. Thank you. All right, we'll come down here, counsel, and proceed to our next case.
judges: Roger L. Gregory, Julius N. Richardson, Allison J. Rushing